IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMCAM INTERNATIONAL, INC., | § § | |
| Plaintiff, | § § | Civil Action No. 2:13-cv-00795 |
| v. | § § | Judge:   Hon. Rodney Gilstrap |
| AT&T CORP., | § § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**DEFENDANT AT&T CORP.'S MOTION TO DISMISS ON STANDING GROUNDS**

Plaintiff ComCam International, Inc. ("ComCam") filed this lawsuit against AT&T Corp. ("AT&T") on October 8, 2013.  But ComCam is not a valid Delaware corporation—its charter is void for failure to pay taxes and its status has been forfeited because it does not have a registered agent.  As ComCam is not a valid corporation, it does not have standing to bring this case.  AT&T hereby respectfully moves the Court to dismiss ComCam's Complaint under Fed. R. Civ. P. 12(b)(6).

### I.     STATEMENT OF LAW

A corporation only has standing to sue if it is granted that right "by the law under which it was organized."  Fed. R. Civ. P. 17(b)(2).  If a corporation lacks standing to sue based on a state statute, a motion to dismiss a complaint brought by that company "is properly granted under Rule 12(b)(6)."  *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

Under Delaware law, the charter for a corporation that fails to pay its corporate taxes for a given year becomes void on March 1 of the following year:

> On or before November 30 in each year, the Secretary of State shall notify each corporation which has neglected or refused to pay the franchise tax or taxes assessed against it or becoming due during the year or has refused or neglected to file a complete annual franchise tax report, that the charter of the corporation shall become void unless such taxes are paid and such complete annual franchise tax report is filed on or before March 1 of the following year.

8 Del. Code § 510.  The Delaware Supreme Court has expressly held that, when a company's charter is voided, the corporation ceases to exist, and cannot bring a lawsuit:

> Transpolymer Industries, Inc., became 'inactive' and was 'voided' on March 1, 1989 for failure to pay the required franchise taxes for the years 1987, 1988, and 1989.  As a consequence, the charter or certification of the incorporation has, pursuant to 8 Del. C. § 510, become void and revoked and all powers heretofore conferred upon the corporation have become 'inoperative.'  *The corporation has thereby ceased to exist and has lost any standing to appeal and be heard, even if represented by counsel.*

*Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1990 WL 168276 at *1 (Del. 1990) (emphasis added).  A corporation that has had its charter voided can renew its status as a corporation by paying its back taxes and filing for renewal of its charter.  8 Del. Code § 312.  Similarly, a corporation that has forfeited its status for failure to maintain a registered agent can re-obtain a registered agent and file for renewal of its charter.  *Id.*  Once a voided or forfeited corporation renews it status, "it is as though the corporation was never void, and the corporation regains all of its previous rights, including capacity to sue."  *Backyard Wrestling, Inc. v. Pro–Active Entm't Group, Inc.,* 398 Fed. Appx. 299, 2010 WL 3937618 at **1 (9th Cir. 2010) (applying Delaware law); 8 Del. Code. § 312.  However, until that time, the corporation lacks standing to institute litigation.

## II.     ARGUMENT

ComCam was initially incorporated in Delaware in 1998.  Exhibit A, Delaware

Secretary of State Company Report for ComCam.[1]  ComCam forfeited its corporate status on July 8, 2012 when its corporate agent resigned. *Id*. Prior to that, ComCam stopped paying its corporate taxes. ComCam last paid its corporate taxes for the year 2010. *Id*.; Exhibit B, Delaware Secretary of State Company File at page 37 (State of Delaware Annual Franchise Tax Report (2010)). Accordingly, on March 1, 2012, ComCam's charter was voided because it failed to pay its corporate taxes for the year 2011. *See* 8 Del. Code § 510. To date, ComCam owes the state of Delaware over $280,000 in back taxes. Exhibit A.

ComCam, which used to be a publicly-traded company, stopped paying its taxes amidst a lawsuit brought by the SEC against various representatives, including Steve Stuart, a shareholder in ComCam, "alleging they used kickbacks and other schemes to trigger investments in various thinly-traded stocks." Exhibit C, SEC Press Release titled "SEC, U.S. Attorney and FBI Announce 13 Charged in Connection with Securities Kickback Schemes – SEC Suspends Trading in Seven Companies." On December 1, 2011, the SEC suspended trading of ComCam's stock because of its "involve[ment] in the kickback-for-investment scheme[]." *Id*. In ComCam's words, "[t]he trading suspension was predicated on questions that have arisen regarding the adequacy and accuracy of publically available information about the Company." Exhibit D, Form 8-K (Filed: December 19, 2011 (Period: January 12, 2011)) for ComCam. ComCam eventually de-listed itself from the stock exchange, and its stock stopped being publicly traded. Exhibit E, Form 15-12G (Filed: March 19, 2012) for ComCam; Exhibit F, press release titled, "ComCam Files to Terminate OTC: BB Registration."

When ComCam failed to pay its taxes, its charter became void. Del. Code § 510. Accordingly, ComCam "has thereby ceased to exist and has lost any standing to [sue] and be

---

[1] All citations to Exhibits in this motion are made with reference to Exhibits to the Declaration of Christopher Schenck, filed concurrently herewith.

heard. . . ." *See Transpolymer*, 582 A.2d 936, 1990 WL 168276 at *1. ComCam cannot maintain this lawsuit.

ComCam could remedy this issue—and gain the ability to maintain this suit—by paying its back taxes, obtaining a registered agent, and renewing its status as a corporation. *See Backyard Wrestling,* 398 Fed. Appx. 299, 2010 WL 3937618 at **1. ComCam is well aware of the procedure for renewing its corporate status after becoming void—it has done so twice before, in 2004 and in 2010. Exhibit A; Exhibit B at pages 10 and 14 (2004 and 2010 Certificate of Renewals and Revival; of Charter). But ComCam has not filed such a renewal since failing to pay its 2011 taxes. Its charter is void and it cannot maintain this lawsuit.

ComCam may argue that it has the right to bring this suit under Section 278 of the Delaware Code, which gives a corporation that has been legally dissolved three years to wind up its affairs, including the right to bring lawsuits that are a necessary part of that winding-up process. *See* 8 Del. Code § 278. But this statute only applies to ***dissolved*** corporations—not corporations that are ***void*** for failure to pay corporate taxes or corporations that are ***forfeited*** for failure to maintain a registered agent. *See id.* A corporation that is void for failure to pay taxes or forfeited is not the same as a corporation that has been dissolved. Indeed, a corporation *cannot* be dissolved until it pays all owing corporate taxes. 8 Del. Code § 277 ("No corporation shall be dissolved . . . until: (1) All franchise taxes due to or assessable by the State . . . have been paid by the corporation . . . .").

In *First State Staffing Plus, Inc. v. Montgomery Mut. Ins. Co.*, the Delaware Court of Chancery, a trial court bound by decisions of the Delaware Supreme Court, held that a void company could bring suit under Section 278 and in doing so criticized the *Transpolymer*

decision. No. 2100-S, 2005 WL 2173993, at *7 (Del. Ch. Sept. 6, 2005).[2] However, the *Transpolymer* decision is and remains binding precedent issued by the highest court in Delaware, and thus is binding on this Court notwithstanding *First State Staffing*. *See, e.g.*, *Woods v. Holy Cross Hospital*, 591 F.2d 1164, 1171 n.10 (5th Cir. 1979) (explaining that a "state supreme court's construction of that state's law is binding upon us"). Moreover, *First State Staffing* was different from the instant case—the claims at issue in *First State Staffing* were related to winding up the plaintiff corporation's affairs and protecting the rights of former employees, whereas the claims here are not:

> Based on the evidence presented, I find that First State's action against Montgomery Mutual falls within the ambit of winding up its corporate affairs. The company seeks specific performance of an expired insurance policy in order to satisfy outstanding obligations to injured former employees. Thus, First State's questionable corporate status does not preclude it from pursuing this suit.

*Id.* ComCam's suit is not related to winding down its business, nor can it be said that filing this lawsuit falls "within the ambit of winding up its corporate affairs." ComCam is merely suing for monetary damages. Thus, even if *First State Staffing* were a binding decision (which it is not), it would not change the result required here.

The winding up statute is designed to allow corporations that have been lawfully dissolved to wind up their business. It does not, by contrast, give any rights to corporations that are void for failure to pay taxes—those void corporations have ceased to exist, and have no rights whatsoever. *Transpolymer*, 582 A.2d 936, 1990 WL 168276 at *1.

---

[2] Several other courts have cited *First State Staffing* for the proposition that a voided company can bring suit for up to three years under 8 Del. Code § 278. *E.g.*, *Jay Dees Inc. v. Defense Tech. Systems, Inc.*, No. 05-cv-6954, 2008 WL 4501652, at *6 (S.D.N.Y. Sept. 30, 2008).

### III.   CONCLUSION

Under Delaware law, ComCam does not have standing to bring this lawsuit.  AT&T respectfully moves this Court to dismiss ComCam's complaint.

DATED:  December 24, 2013

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By:   *s/Christopher Schenck*
Christopher Schenck (WA Bar No. 37997)
cschenck@kilpatricktownsend.com
Dario A. Machleidt (WA Bar No. 41860)
dmachleidt@kilpatricktownsend.com
Patrick M. Njeim (*pro hac vice*)
pnjeim@kilpatricktownsend.com
Suite 4400, 1420 Fifth Avenue
Seattle, WA  98101
Tel:     (206) 467-9600
Fax:    (206) 623-6793

Steven D. Moore (CA Bar No. 290875)
smoore@kilpatricktownsend.com
Eighth Floor, Two Embarcadero Center
San Francisco, CA,  94111
Tel:     (415) 576-0200
Fax:    (415) 576-0300

William H. Boice (GA Bar No. 065725*)*
bboice@kilpatricktownsend.com
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA,  30309
Tel:     (404) 815-6500
Fax:    (404) 815-6555

*Attorneys for Defendant*
*AT&T Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of **DEFENDANT AT&T CORP.'S MOTION TO DISMISS ON STANDING GROUNDS** via the Court's CM/ECF system on December 24, 2013.

DATED: December 24, 2013                    By:    *s/Christopher Schenck*
                                                                    Christopher Schenck (WA Bar No. 37997)